FILED

MAR 1 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 JAMES J. BERGMANN, ESQ., CA SBN 220447
Law Office of James J. Bergmann
2 631 5ᵗʰ Street, Suite 201
Santa Rosa, CA 95404
3 (707)827-1975 telephone
4 (707)827-1979 facsimile
james@consumerlawoffice.net
5

6 Counsel for Plaintiff BYRON D. DAUGHERTY

7

8 IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
9 SAN FRANCISCO/OAKLAND DIVISION

*EDL*

10 BYRON D. DAUGHERTY,                    CV 1 1 CASE NO. **2 8 5**

11              Plaintiff,                         **COMPLAINT**
                                                  **DEMAND FOR JURY TRIAL**
12
       v.
13
     EXPERIAN INFORMATION SOLUTIONS, INC.;
14   TRANS UNION LLC;
     EQUIFAX INFORMATION SERVICES LLC;
15   CITIBANK (SOUTH DAKOTA), N.A.,
16   and DOES 1 through 30, inclusive,

17              Defendants.
                                                  /
18

19
       COMES NOW the Plaintiff, BYRON D. DAUGHERTY by counsel, and for his
20
21   complaint against the Defendants, alleges as follows:

22                              **JURISDICTION**

23     1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 28 U.S.C. §1367,

24   and the doctrine of pendant jurisdiction.

25                        **INTRADISTRICT ASSIGNMENT**
26
       2. Venue lies in either the San Francisco or Oakland Divisions of the United States
27

28

     COMPLAINT

1  District Court for the Northern District of California, as a substantial part of the events or

2  omissions which give rise to Plaintiff's claims occurred in the County of Sonoma.

3
4
## PRELIMINARY STATEMENT

5  3. This is an action for actual, statutory and punitive damages, costs and attorney's fees

6  brought pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act), and California

7  Civil Code §1785.1 *et seq.*, (California State Consumer Credit Reporting Agencies Act).

8  4. Plaintiff is a natural person and was resident of the State of California, County of

9  Sonoma, during a substantial part of the events or omissions which give rise to his claims.

10
Plaintiff is currently a resident of the State of California, County of El Dorado. He is a

11
12  "consumer" as defined by 15 U.S.C. §1681a(c) and Cal. Civ. Code §1785.3(b).

13  5. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC.

14  ("EXPERIAN") is a corporation incorporated under the laws of the State of Ohio authorized to

15  do business, and doing business, in the State of California and the County of Sonoma.

16
17  6. Upon information and belief, EXPERIAN is a "consumer reporting agency,"

18  regularly engaged in the business of assembling, evaluating, and disbursing information

19  concerning consumers for the purpose of furnishing consumer reports to third parties, as

20  defined in 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

21  7. Upon information and belief, EXPERIAN disburses such consumer reports to third

22  parties under contract for monetary compensation.

23
24  8. Upon information and belief, TRANS UNION LLC ("TRANS UNION") is a limited

25  liability company formed under the laws of the State of Delaware authorized to do business,

26  and doing business, in the State of California and the County of Sonoma.

27  9. Upon information and belief, TRANS UNION is a "consumer reporting agency,"

28

1  regularly engaged in the business of assembling, evaluating, and disbursing information

2  concerning consumers for the purpose of furnishing consumer reports to third parties, as

3
   defined in 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).
4

5      10. Upon information and belief, TRANS UNION disburses such consumer reports to

6  third parties under contract for monetary compensation.

7      11. Upon information and belief, EQUIFAX INFORMATION SERVICES LLC

8  ("EQUIFAX") is a limited liability company formed under the laws of the State of Georgia and

9
   authorized to do business, and doing business, in the State of California and the County of
10
   Sonoma.
11

12     12. Upon information and belief, EQUIFAX is a "consumer reporting agency,"

13  regularly engaged in the business of assembling, evaluating, and disbursing information

14  concerning consumers for the purpose of furnishing consumer reports to third parties, as

15  defined in 15 U.S.C. §1681a(f) and Cal. Civ. Code §1785.3(d).

16
       13. Upon information and belief, EQUIFAX disburses such consumer reports to third
17
   parties under contract for monetary compensation.
18

19     14. Upon information and belief, CITIBANK (SOUTH DAKOTA), N.A.

20  ("CITIBANK") is a national bank, authorized to do business, and doing business, in the State of

21  California and the County of Sonoma, as a consumer credit card lender, under the name of

22  "Sears Card," among others.
23

24                                         **FACTS**

25     15. In or about June, 2007, Plaintiff entered into a written payment plan with

26  CITIBANK, to pay $94.00 per month on his delinquent Sears credit card. CITIBANK told

27  Plaintiff that by agreeing to the terms of the payment plan, not only would he pay off the

28

COMPLAINT                                   - 3 -

1    balance in five years, but he would also "rehabilitate" or "re-build" his credit, and improve his

2    credit profile. Plaintiff believed that by faithfully making his $94.00 per month payments, he

3    would improve his credit profile.

4

5       16. Plaintiff gave CITIBANK his checking account number, and CITIBANK initiated

6    an automatic monthly payment from Plaintiff's checking account for $94.00 per month.

7    Beginning in July, 2007, the monthly payment was automatically drafted by CITIBANK each

8    month; Plaintiff did not have to take any steps to make his monthly payment, other than to

9    make sure that sufficient funds were available in his checking account to pay the $94.00.

10

11      17. Several times since entering the payment plan, CITIBANK failed, through its own

12   negligence and through no fault of Plaintiff, to process a draft for Plaintiff's monthly payment,

13   resulting in no monthly payment being made to CITIBANK, and resulting in a derogatory item

14   on Plaintiff's credit report for the missed payment. Each of the times that CITIBANK failed to

15   take the $94.00 payment as agreed, Plaintiff's checking account had sufficient funds to cover

16   the payment.

17

18      18. In 2008, Plaintiff discovered that although he had made each $94.00 payment on

19   time, his credit report showed that the CITIBANK account (shown on his credit reports as

20   "Sears/CBSD," or "CBUSA/Sears") was being reported as 30, 60, or 90 days delinquent for

21   each month from June, 2007 forward. Plaintiff disputed CITIBANK'S credit reporting on

22   numerous occasions by phone to CITIBANK, EXPERIAN, TRANS UNION, and EQUIFAX,

23   but the derogatory reporting was not corrected.

24

25      18.1 In March, 2009, CITIBANK responded by letter that it was reporting the account

26   accurately, even though CITIBANK had promised that by entering into the payment plan,

27   Plaintiff would "rebuild" and "rehabilitate" his credit profile. CITIBANK'S reporting of 30, 60

28

COMPLAINT                                    - 4 -

1    and 90-day delinquencies *harmed*, rather than "re-built," or "rehabilitated" Plaintiff's credit

2    profile, as CITIBANK had promised. This reporting was also false, because Plaintiff made

3    each of the \$94.00 payments from June, 2007 through March, 2009 on time, except for the

4

5    payments that CITIBANK had caused to be late by failing to process Plaintiff's payment (see

6    Paragraph 17, above).

7        19. In 2009, Plaintiff discovered that EQUIFAX was falsely reporting the CITIBANK

8    account as"Account Included in Bankruptcy," "Bankruptcy Chapter 7," and "Bankruptcy

9    Discharged," when in fact the account had not been discharged in bankruptcy.

10

11       20. Plaintiff disputed the credit reporting inaccuracies with defendants EXPERIAN,

12   TRANS UNION, and EQUIFAX on numerous occasions in 2008, 2009, and 2010.

13   EXPERIAN, TRANS UNION, and EQUIFAX received Plaintiff's disputes, along with

14   documentation substantiating Plaintiff's disputes, but failed to conduct the investigations and

15   make the corrections required by 15 U.S.C. §1681i.

16

17       21. Plaintiff disputed the accuracy of credit reporting relating to his CITIBANK credit

18   card account, by disputing the information with the credit reporting agencies, as required under

19   15 U.S.C. §1681i(a).

20       22. Plaintiff is informed and believes that defendant CITIBANK received Plaintiff's

21   disputes from the credit reporting agencies, but failed to conduct the investigations, review all

22   relevant information provided by Plaintiff, and make the corrections required by 15 U.S.C.

23

24   §1681s-2(b).

25       23. Plaintiff also directly notified defendant CITIBANK on numerous occasions that it

26   was inaccurately reporting the Sears account, and sent documentation substantiating his

27   disputes. However, CITIBANK failed to conduct a proper investigation as required under the

28

COMPLAINT                                      - 5 -

1  Fair Credit Reporting Act ("FCRA").

2  24. Upon Plaintiff's request for correction of Defendants' inaccurate reporting, in

3
   accordance with their standard procedures, Defendants EXPERIAN, TRANS UNION,
4
5  EQUIFAX and CITIBANK did not evaluate or consider any of Plaintiff's information, claims or

6  evidence and did not make any attempt to substantially or reasonably verify the accuracy of

7  their reporting of Plaintiff's CITIBANK account.

8  25. As a result of the inaccurate reporting of Plaintiff's accounts, and the failed

9  reinvestigations, Plaintiff has been denied credit, obtained credit at higher cost, and has
10
   abstained from applying for credit. Plaintiff has sustained actual damages including emotional
11
12  distress and pecuniary loss.

13
                            **FIRST CLAIM FOR RELIEF**
14            **(Willful and Negligent Violation of 15 U.S.C. §1681e(b))**
                      **(EXPERIAN, TRANS UNION, EQUIFAX)**
15

16  26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set

17  out herein.

18  27. EXPERIAN, TRANS UNION, and EQUIFAX violated 15 U.S.C. §1681e(b) by

19  failing to establish or to follow reasonable procedures to assure maximum possible accuracy in
20
   the preparation of the credit reports and credit files it published and maintains concerning
21
22  Plaintiff.

23  28. As a result of this conduct, action and inaction of these defendants, Plaintiff

24  suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and

25  benefit from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff
26
   suffered emotional distress in spending time and effort attempting to correct the erroneous
27
28

COMPLAINT                              - 6 -

1   credit reporting, to no avail.

2       29. EXPERIAN, TRANS UNION, and EQUIFAX'S conduct, action and inaction was
3
    willful, rendering it liable for punitive damages in an amount to be determined by the Court
4
5   pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover
6   under 15 U.S.C. 1681o.

7       30. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees
8   from EXPERIAN, TRANS UNION, and EQUIFAX pursuant to 15 U.S.C. §1681n and/or
9   §1681o.
10
11              **SECOND CLAIM FOR RELIEF**
       **(Willful and Negligent Violation of 15 U.S.C. §1681i(a))**
12             **(EXPERIAN, TRANS UNION, EQUIFAX)**

13      31. Plaintiff realleges and incorporates paragraphs 1 through 30 above as if fully set out
14  herein.

15      32. EXPERIAN, TRANS UNION, and EQUIFAX violated 15 U.S.C. §1681i(a) on
16
    multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the
17
18  disputed information was accurate; by failing to delete inaccurate information in Plaintiff's
19  credit files after receiving actual notice of such inaccuracies; by failing to forward all relevant
20  information to CITIBANK; by failing to maintain reasonable procedures with which to
21  investigate and verify disputed information in Plaintiff's credit file; and by relying upon
22  verification from a source it has reason to know is unreliable.
23
24      33. As a result of this conduct, action and inaction of these defendants, Plaintiff
25  suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and
26  benefit from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff
27  suffered emotional distress in spending time and effort attempting to correct the erroneous
28

COMPLAINT                           - 7 -

1    credit reporting, to no avail.

2    34. EXPERIAN, TRANS UNION, and EQUIFAX'S conduct, action and inaction was

3
4    willful, rendering it liable for punitive damages in an amount to be determined by the Court

5    pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff to recover

6    under 15 U.S.C. § 1681o.

7    35. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees

8    from EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

9
10
11

**THIRD CLAIM FOR RELIEF**
**(Willful and Negligent Violation of Cal. Civ. Code § 1785.16(a) and (b))**
**(EXPERIAN, TRANS UNION, EQUIFAX)**

12    36. Plaintiff realleges and incorporates paragraphs 1 through 35 above as if fully set out

13    herein.

14    37. EXPERIAN, TRANS UNION, and EQUIFAX violated Cal. Civ. Code §

15    1785.16(a) and (b) on multiple occasions by failing to delete inaccurate information in

16
17    Plaintiff's credit files after receiving actual notice of such inaccuracies; by failing to review and

18    consider all relevant information submitted to it by Plaintiff along with his dispute letters; by

19    failing to maintain reasonable procedures with which to investigate and verify disputed

20    information in Plaintiff's credit file; and by relying upon verification from a source it has reason

21    to know is unreliable.

22
23    38. As a result of this conduct, action and inaction of these defendants, Plaintiff

24    suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and

25    benefit from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff

26    suffered emotional distress in spending time and effort attempting to correct the erroneous

27    credit reporting, to no avail.

28

COMPLAINT             - 8 -

1    39. EXPERIAN, TRANS UNION, and EQUIFAX'S conduct, action and inaction was

2   willful, rendering it liable for punitive damages of not less than one hundred dollars ($100) nor

3   more than five thousand dollars ($5,000) for each violation as the court deems proper, pursuant

4   to Cal. Civ. Code § 1785.31(a)(2)(B). In the alternative, these defendants were negligent,

5

6   entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

7    40. Plaintiff is entitled to injunctive relief under Cal. Civ. Code § 1785.31(b), enjoining

8   EXPERIAN, TRANS UNION, and EQUIFAX from inaccurately reporting or publishing

9   Plaintiff's credit accounts to credit reporting agencies or any other persons or entities.

10
    41. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees
11

12  from EXPERIAN, TRANS UNION, and EQUIFAX pursuant to Cal. Civ. Code § 1785.31(a).

13
                            **FOURTH CLAIM FOR RELIEF**
14              **(Willful and Negligent Violation of 15 U.S.C. §1681s-2(b)**
                               **(CITIBANK ONLY)**
15

16   42. Plaintiff realleges and incorporates paragraphs 1 through 41 above as if fully set out

17  herein.

18   43. CITIBANK violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by

19  failing to fully and properly investigate Plaintiff's dispute of the CITIBANK account; by failing

20
    to promptly delete, modify, or permanently block information disputed by Plaintiff which
21

22  CITIBANK found or should have found to be inaccurate or could not be verified; by failing to

23  review all relevant information regarding same; by failing to accurately respond to EXPERIAN,

24  TRANS UNION, and EQUIFAX; and by failing to correctly report results of an accurate

25  investigation to every reporting agency.

26
    44. As a result of this conduct, action and inaction of CITIBANK, Plaintiff suffered
27

28

COMPLAINT                          - 9 -

1    damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit

2    from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff suffered

3
     emotional distress in spending time and effort attempting to correct the erroneous credit
4
5    reporting, to no avail.

6        45. CITIBANK's conduct, action and inaction was willful, rendering it liable for

7    punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In

8    the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

9
         46. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees
10
11   from CITIBANK pursuant to 15 U.S.C. §1681n and/or §1681o.

12                                   **FIFTH CLAIM FOR RELIEF**
           **(Willful and Negligent Violation of Cal. Civ. Code § 1785.25(a), (b), (c), and (f))**
13                                       **(CITIBANK ONLY)**

14       47. Plaintiff realleges and incorporates paragraphs 1 through 46 above as if fully set out

15   herein.

16
         48. CITIBANK violated the California State Consumer Credit Reporting Agencies Act,
17
18   Cal. Civ. Code § 1785.25(a), (b), (c), and (f) on multiple occasions by continuing to publish the

19   disputed CITIBANK account information within Plaintiff's credit file, when CITIBANK knew

20   or should have known the information was incomplete or inaccurate; by failing to fully and

21   properly investigate Plaintiff's dispute of the CITIBANK account; by failing to review all

22   relevant information regarding same; by failing to accurately respond to the credit reporting
23
     agencies; by failing to correctly report results of an accurate investigation to every reporting
24
25   agency; and by reporting the CITIBANK account to credit reporting agencies without also

26   including a notation that this account was disputed.

27       49. As a result of this conduct, action and inaction of CITIBANK, Plaintiff suffered

28

     COMPLAINT                                    - 10 -

damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff suffered emotional distress in spending time and effort attempting to correct the erroneous credit reporting, to no avail.

50. CITIBANK'S conduct, action and inaction was willful, rendering it liable for punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B). In the alternative, CITIBANK was negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

51. Plaintiff is entitled to injunctive relief under Cal. Civ. Code § 1785.31(b), enjoining CITIBANK from inaccurately reporting or publishing the CITIBANK account to the credit reporting agencies or any other persons or entities.

52. Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from CITIBANK pursuant to Cal. Civ. Code § 1785.31(a).

### SIXTH CLAIM FOR RELIEF
### (Negligence)
### (CITIBANK ONLY)

53. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 52, as though fully set forth herein.

54. CITIBANK had a duty to conform to a standard of conduct to protect Plaintiff, in assembling, evaluating, and disbursing consumer credit information about Plaintiff to third parties.

55. CITIBANK failed to meet this standard of conduct.

COMPLAINT - 11 -

56. CITIBANK'S failure was the proximate or legal cause of Plaintiff's resulting harm.

57. Plaintiff was damaged by CITIBANK'S failure to meet this standard of conduct.

58. As a result of its negligence, CITIBANK is subject to actual and statutory damages.

WHEREFORE, Your Plaintiff demands judgment as follows:

As to all Defendants:

    1. For actual damages, or statutory damages of not less than $100 nor more than $1,000, pursuant to 15 U.S.C. §1681n, for willful violation of the federal Fair Credit Reporting Act;

    2. For actual damages pursuant to 15 U.S.C. §1681o, for negligent violation of the federal Fair Credit Reporting Act;

    3. For punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n, for willful violation of the federal Fair Credit Reporting Act;

    4. For the costs of the action together with reasonable attorney's fees, pursuant to 15 U.S.C. §1681o;

    5. Actual damages, including court costs, loss of wages, attorneys' fees, and pain and suffering, pursuant to Cal. Civ. Code §1785.31(a)(1), for negligent violation of the California State Fair Consumer Credit Reporting Agencies Act;

    6. Punitive damages of not less than $100 nor more than $5,000 for each violation as the Court deems proper, pursuant to Cal. Civ. Code §1785.31(a)(2)(B), for willful violation of the California State Fair Consumer Credit Reporting Agencies Act ;

    7. For injunctive relief, pursuant to Cal. Civ. Code §1785.31(b);

    8. For actual damages relating to Plaintiff's causes of action for negligence,

1    defamation, and false light invasion of privacy;

2        9. For pre-judgment and post-judgment interest at the legal rate; and

3
         10. For such other relief the Court does deem just, equitable and proper.
4

5    **TRIAL BY JURY IS DEMANDED**.                    BYRON D. DAUGHERTY,

6    Dated: March  16 , 2011                    By:
                                                     JAMES J. BERGMANN
7                                                    Law Office of James J. Bergmann
                                                     Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                           - 13 -